# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| GERACZYNSKI, et al | Civil Action No. 11-6385 (SRC) (CLW) |
| Plaintiffs, | **LETTER OPINION** |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, et al, | |
| Defendants, | |

**WALDOR, UNITED STATES MAGISTRATE JUDGE**

Pending before this Court is Defendants' SAFCO and Liberty Diversified ("SAFCO") Motion for Leave to Amend Pleadings and assert a Declaratory Judgment Action against CNA.[1] (Docket Entry No. 100, "Motion to Amend"). Defendant Oasychair opposes SAFCO's Motion to Amend. (Docket Entry No. 101, "Opp. Br."). The Court has fully reviewed and considered all arguments made in support of and in opposition to SAFCO's Motion to Amend and decides this matter without oral argument under Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, SAFCO's Motion to Amend is **GRANTED**.

**I.  Discussion.**

    **A.  Legal Standard**

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Under

---

[1] Defendant Oasychair claims Columbia Casualty Company as its insurance carrier and not CNA as indicated in SAFCO's letter brief. (Docket Entry No. 101).

Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleadings with court's leave when justice so requires. Leave to amend pleadings is to be freely given. FED. R. CIV. P. 15(a)(2). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). However, leave to amend may be denied where there is: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of amendment, or (5) futility of amendment. Foman, 371 U.S. at 182. The burden is generally on the party opposing the amendment to establish that the amendment should not be permitted. Id. Here, Oasychair opposes the Motion to Amend on the basis of undue delay and prejudice.

### B. Undue Delay and Undue Prejudice

With regard to undue delay and bad faith, the Court of Appeals for the Third Circuit has stated:

> [t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party. The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants.

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) (internal citations and quotation marks omitted); see also Cuerton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (stating that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner" and the issue of prejudice focuses on hardship to the nonmovant if the amendment is permitted).

Oasychair argues that SAFCO's Motion to Amend should be denied because it was not timely filed and will cause undue prejudice. The Court disagrees. Even though Oasychair asserts that the Motion to Amend is untimely, this issue only became ripe after the settlement of the case between Plaintiff and the Defendants. Additionally, the Court finds that Oasychair has made an insufficient showing of prejudice.

Under the specific circumstances of this case, wherein Defendant believed his client SAFCO to be indemnified by Oasychair, the manufacturer of the chair in question and the product in the underlying settled part of this case the Court finds that it is in the interest of justice that the Motion for Leave to Amend the pleading to assert a Declaratory Judgment Action is granted.

## II. Conclusion

For the reasons set forth above, SAFCO's Motion to Amend is GRANTED. An appropriate order shall follow.

s/Cathy L. Waldor  
**Cathy L. Waldor, U.S.M.J.**

Dated: January 16, 2014