UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM GERACZYNSKI and<br>CHRISTINE GERACZYNSKI,<br><br>                              Plaintiffs,<br><br>          v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, d/b/a AMTRAK, et al.,<br><br>                              Defendants. | Civil Action No. 11-6385 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

      This matter comes before the Court on the motion filed by Defendant Oasyschair for reconsideration of the Court's Order of July 31, 2015. Initially the Court notes that the motion has been filed out of time, according to Local Rule of Civil Procedure 7.1(i) (requiring motions for reconsideration to be filed "within 14 days after entry of the order or judgment on the original motion."). The Court nevertheless will address the merits of the motion and decide it based on the papers submitted, and without oral argument, pursuant to Federal Rule of Civil Procedure 78. Defendant SAFCO/Liberty Diversified has opposed the motion. For the reasons that follow, the motion will be denied.

      The party seeking reconsideration must identify dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. L.Civ.R. 7.1(i); Bryan v. Shah, 351 F.Supp.2d 295, 297 n. 2 (D.N.J. 2005) (citing Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001)). A court may not grant a motion for

1

reconsideration unless the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  A party's "mere disagreement" with the Court's decision does not warrant reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003). The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)).

     Oasyschair has not met this burden.  It bases its motion on the argument that the Court erred in finding that SAFCO was entitled to indemnification from Oasyschair without proof that the subject chair in fact had a manufacturing defect resulting in the chair failure at the core of this product liability action.  In other words, Oasyschair takes the position that SAFCO must prove that the chair was defectively manufactured before obtaining indemnification from the Oasyschair.  Oasyschair fails to address how, under the New Jersey Product Liability Act, and in particular its innocent seller provision, SAFCO could be legally responsible for harm caused by the chair Oasyschair manufactured. See N.J.S.A. 2A:58C-9 (providing immunity for a product seller innocent of responsibility for an allegedly defective product so long as the injured party retains a claim against the manufacturer).  As Oasyschair itself recognizes in its brief, Plaintiff's claims against SAFCO were based solely upon the theory that the chair had been defectively manufactured.  As Oasyschair further admits, it is the manufacturer of the chair, whereas

2

SAFCO is merely a downstream distributor.  In fact, this Court granted SAFCO summary judgment on Plaintiff's product liability claims pursuant to the Product Liability Act's innocent seller provision.  See November 1, 2013 Opinion [docket entry 92].

Oasyschair disagrees with the Court's decision that Oasyschair is required, as a matter of law, to indemnify SAFCO in this action, but it fails to demonstrate that the Court committed a clear error of law in reaching its decision.  Nor has it met the other grounds for the extraordinary relief of reconsideration. Accordingly,

**IT IS** on this 21 day of September, 2015,

**ORDERED** that Oasyschair's motion for reconsideration of the Court's July 31, 2015 Order [docket entry 165] be and hereby is **DENIED**.

   s/ Stanley R. Chesler   
STANLEY R. CHESLER
United States District Judge
